UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYTLE S. WILLIAMS,<br><br>        Plaintiff,<br><br>  v.<br><br>LONG CANYON VOLUNTEER FIRE DEPARTMENT, a Colorado corporation, and DOES 1 through 25, inclusive,<br><br>        Defendants. | No. 2:13-cv-02085-GEB-CMK<br><br>**STATUS (PRETRIAL SCHEDULING) ORDER** |

The status (pretrial scheduling) conference scheduled for hearing on January 21, 2014, is vacated since the parties' Joint Status Report filed on January 7, 2014 ("JSR") indicates the following Order should issue.

<u>DOE DEFENDANTS, SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT</u>

The parties state in the JSR:

> The parties are trying to determine who the actual "employer" was at the time of this incident. If it is determined that the employer in fact was an entity other than the Long Canyon Volunteer Fire Department, the parties intend to join that entity to this litigation. The parties anticipate needing 90 to 120 days to make this determination.

1

1  (JSR 1:20-26.)

2  Therefore, Plaintiff has until May 19, 2014, to file a
3  motion in which leave is sought under Federal Rule of Civil
4  Procedure 15(a) to file an Amended Complaint substituting a named
5  defendant in place of a Doe defendant. The referenced motion must
6  be noticed for hearing on the Court's earliest available law and
7  motion date. If leave is not sought as stated, Does 1 through 25
8  will be automatically dismissed from this action.

9  No further service, joinder of parties, or amendments
10 to pleadings is permitted, except with leave of Court for good
11 cause shown.

12 ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

13 If Plaintiff substitutes a named defendant in place of
14 a Doe defendant, a copy of this Order shall be served on that
15 defendant concurrently with the service of process.

16 That defendant has 30 days after said service within
17 which to file a "Notice of Proposed Modification of Status
18 Order." Although a newly-joined party's proposed modification
19 filed within this thirty day period will not have to meet the
20 good cause standard, no further amendments will be permitted,
21 except with leave of Court for good cause shown.

22 DISCOVERY

23 All discovery shall be completed by November 20, 2015.
24 "Completed" means all discovery shall be conducted so that any
25 dispute relative to discovery shall have been resolved by
26 appropriate orders, if necessary, and, where discovery has been
27 ordered, the order has been complied with on or before the
28 prescribed "completion" date.

2

1         Each party shall comply with Federal Rule of Civil
2 Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure
3 requirements on or before June 22, 2015, and any contradictory
4 and/or rebuttal expert disclosure authorized under Rule
5 26(a)(2)(D)(ii) on or before July 21, 2015.

### MOTION HEARING SCHEDULE

7         The last hearing date for a motion is January 25, 2016,
8 commencing at 9:00 a.m. A motion shall be briefed as prescribed
9 in Local Rule 230.

10         The parties are cautioned that an untimely motion
11 characterized as a motion in limine may be summarily denied.

### FINAL PRETRIAL CONFERENCE

13         The final pretrial conference is set for March 21,
14 2016, at 1:30 p.m. The parties are cautioned that the lead
15 attorney who WILL TRY THE CASE for each party shall attend the
16 final pretrial conference. In addition, all persons representing
17 themselves and appearing in propria persona must attend the
18 pretrial conference.

19         The parties shall file a JOINT pretrial statement no
20 later than seven (7) calendar days prior to the final pretrial
21 conference. The joint pretrial statement shall address the
22 applicable portions of Local Rule 281(b), and shall set forth
23 each theory of liability ("claim") and affirmative defense which
24 remains to be tried, and the ultimate facts on which each
25 theory/defense is based. Furthermore, each party shall estimate
26 the length of trial. The Court uses the parties' joint pretrial
27 statement to prepare its final pretrial order and could issue the
28

final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

Final pretrial procedures are "critical for 'promoting efficiency and conserving judicial resources by identifying the real issues prior to trial, thereby saving time and expense for everyone.'" Friedman & Friedman, Ltd. v. Tim McCandless, Inc., 606 F.3d 494 (8th Cir. 2010) (quoting Fed. R. Civ. P. 16 Advisory Committee Note (1983 Amendment to subdivision (c)). "Toward that end, Rule 16 directs courts to use pretrial conferences to weed out unmeritorious claims and defenses before trial begins." Smith v. Gulf Oil Co., 995 F.2d 638, 642 (6th Cir. 1993). The parties are therefore provided notice that a claim or affirmative defense may be dismissed *sua sponte* if it is not shown to be triable in the joint final pretrial statement. Cf. Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan, 662 F.2d 641, 645 (9th Cir. 1981) (indicating that a party shall be provided notice and an opportunity to respond with facts sufficient to justify having a claim or affirmative defense proceed to trial); Portsmouth Square, Inc. v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985) (stating "the district court has . . . authority to grant summary judgment *sua sponte* in the context of a final pretrial conference").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

<u>TRIAL SETTING</u>

Trial shall commence at 9:00 a.m. on June 21, 2016.

IT IS SO ORDERED.

Dated: January 15, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge