IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| LYTLE S. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>LONG CANYON VOLUNTEER FIRE DEPARTMENT, a Colorado corporation, and KEVIN LEE YEATTS,<br><br>　　　　　Defendants. | CASE: 2:13–CV–02085–DWM<br><br><br>ORDER |

In light of the reassignment of this case to the undersigned (Doc. 27),

**IT IS ORDERED:**

**1. The following schedule will govern all further proceedings:**

| | |
|---|---|
| Attorney Conference to Prepare Final Pretrial Order: | week of May 16, 2016 |
| File Proposed Final Pretrial Order, Proposed Jury Instructions and Verdict Form, Proposed Voir Dire Questions, and Trial Briefs and e-mail to dwm_propord@mtd.uscourts.gov: | May 25, 2016 |
| Notice to Amanda Souvannarath, Judicial Services Supervisor, of Intent to Use Electronic Exhibits or Videoconferencing: | May 25, 2016 |

Final Pretrial Conference:	June 1, 2016 at 11:15 a.m.
	Courtroom 4, 15th Floor
	Robert T. Matsui Federal Courthouse
	Sacramento, California

Jury Trial (7-member jury):	June 20, 2016, at 9:00 a.m.
	Courtroom 1, 16th Floor
	Robert T. Matsui Federal Courthouse
	Sacramento, California

Parties seeking a continuance of any deadline above must file a motion with the Court. Such motions will not be granted absent compelling reasons.

**2. Number of Jurors and Length of Trial.** Trial of this case shall be conducted in Sacramento, California, before a jury of seven persons. The parties indicated they expect the trial to last 7 to 9 days. (Doc. 8 at 3.) <u>The parties shall include an updated estimate of the length of trial in the Proposed Final Pretrial Order.</u>[1]

**3. Attorney Conference for Trial Preparation.** If the case does not settle, counsel for Plaintiff shall convene an attorneys' conference during the week indicated in paragraph 1, or before, to complete the Proposed Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items referenced in paragraph 1 and Local Rules 281–283.

---

[1] The work day during trial will proceed as follows: start at 8:15 a.m.; 15-minute recess at 10:00 a.m.; lunch break from 12:00 to 1:15 p.m.; 15-minute recess at 3:00 p.m.; and conclude at 5:00 p.m. The parties are advised that breaks will not be taken between witnesses so arrangements must be made to ensure that neither party runs out of witnesses.

**4. Final Pretrial Order.** By the date set forth in paragraph 1, the parties shall file the Proposed Final Pretrial Order and e-mail a copy in WordPerfect (preferred) or Word format to dwm_propord@mtd.uscourts.gov. The parties shall include in the Proposed Final Pretrial Order: (1) those items listed in Local Rule 281(b); (2) an updated estimate of the length of trial, considering the work day schedule set out in footnote 1 above; (3) a computation of damages, per Local Rule 281(b)(6)(iv)(B) and (b)(7) and Fed. R. Civ. R. 26(a)(1)(A)(iii); and (4) the legal elements of each theory of liability and defense asserted, including citations to relevant state law authority. The Proposed Final Pretrial Order shall comply with the form prescribed by Federal Rule of Civil Procedure 26(a)(3)(A)(i)–(iii) and the Local Rules. Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

**5. Exhibits.**

(a) Counsel shall exchange exhibits with opposing counsel prior to the final pretrial conference.

(b) An exhibit may be used by either of the parties. <u>Exhibits shall not be duplicated.</u> Each exhibit must show the number of the exhibit. Exhibits marked for use at trial that have not been numbered in discovery shall be marked by

Plaintiff using an agreed upon range of arabic numbers and by Defendants using a different agreed upon range of arabic numbers. Each exhibit must be paginated, including any attachments thereto.

(c) Counsel shall prepare a CD or DVD of the exhibits as well as one paper copy of the exhibits in a binder with extended tabs showing the number of the exhibit and formatted as described in (b) above and deliver to the undersigned on the date of the Final Pretrial Conference.

(d) Each party must attach to the Proposed Final Pretrial Order one will-offer exhibit list and one may-offer exhibit list. Fed. R. Civ. P. 26(a)(3)(A)(iii). As to each exhibit, the list must:

    (i) include columns showing:

        (A) the number of the exhibit;

        (B) a brief description of it;

        (C) each other party's objections to its admission; and

        (D) whether all parties stipulate to its admission; and

    (ii) include columns intended to show:

        (A) whether the exhibit was admitted at the final pretrial conference;

        (B) the date the exhibit was offered at trial;

    (C) the date ruling on its admission was reserved;

    (D) the date the exhibit was admitted; and

    (E) the date the exhibit was refused or withdrawn.

Except for relevancy, objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list.

  (e) <u>Failure to comply with (a) through (d) above may result in the exclusion of the exhibit at trial.</u>

**6. Witnesses.**

  (a) Each party must attach to the Proposed Final Pretrial Order one will-call witness list and one may-call witness list. Fed. R. Civ. P. 26(a)(3)(A)(i). As to each witness, the list must show:

    (i) the witness's city and state of residence;

    (ii) whether the witness is an expert witness and, if so, the date of the witness's report;

    (iii) whether the witness will appear in person, remotely, or by deposition;

    (iv) if the party intends to offer a deposition in its case in chief:

      (A) page and line numbers or time frames of any deposition excerpts the party intends to offer;

   (B) whether any deposition summary will be offered and, if so, whether the parties stipulate to a summary; and

  (v) each other party's objections to each witness's testimony.

Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list.

 (b) When a witness is called to testify at trial, counsel shall provide to the clerk four (4) copies of a single page document, providing the following information about the witness:

  (i) the full name and current address of the witness;

  (ii) a brief description of the nature and substance of the witness's testimony;

  (iii) date witness was deposed or statement taken; and

  (iv) a listing of each exhibit to which the witness may refer during direct examination.

## 7. Jury Instructions and Verdict Form.

 (a) Preparation and Filing.

  (i) The parties shall prepare Joint Proposed Jurying Instructions upon which they agree. If necessary, each party may also prepare a set of Supplemental Proposed Jury Instructions if different from the joint instructions.

<u>No two instructions shall be submitted with the same number.</u> The parties shall also prepare a Joint Proposed Verdict Form. If a verdict form cannot be agreed to, each party shall prepare a Separate Proposed Verdict Form with a written statement explaining why they do not agree on a joint verdict form.

      (ii)    By the date set forth in paragraph 1, (1) Plaintiff's counsel shall file one working copy of the Joint Proposed Jury Instructions and the Joint Proposed Verdict Form; (2) each party shall file one working copy of its Supplemental Proposed Jury Instructions and Separate Proposed Verdict Form, if any; and (3) the parties shall e-mail the same documents, plus a clean copy of each, in WordPerfect (preferred) or Word format to dwm_propord@mtd.uscourts.gov.

    (b)    Format.

      (i)    The <u>clean copy</u> shall contain:

        (A)    a heading reading "Instruction No. ___"; and

        (B)    the text of the instruction.

      (ii)    The <u>working copy</u> shall contain:

        (A)    a heading reading "Instruction No. __";

        (B)    the text of the instruction;

        (C)    the number of the proposed instruction;

    (D) the legal authority for the instruction; and

    (E) the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

  (iii) Jury instructions shall be prepared in 14-point Times New Roman font.

(c) The parties are advised that final instructions for submission to the jury will be settled in chambers, on the record, prior to closing argument, at which time counsel may present argument and make objections.

**8. Other Documents.** Proposed Voir Dire Questions must be filed by the date set forth in paragraph 1. Trial Briefs are optional but must be filed by the date set forth in paragraph 1.

  DATED this 7th day of April, 2016.

                _____
                Donald W. Molloy, District Judge
                United States District Court