IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| LYTLE S. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>LONG CANYON VOLUNTEER FIRE DEPARTMENT, a Colorado corporation,<br><br>Defendant. | CASE: 2:13–CV–02085–DWM<br><br><br>ORDER |

A Final Pretrial Conference was held in the above captioned matter on June 1, 2016. (Doc. 39.) In furtherance of the matters discussed on the record,

IT IS ORDERED:

**I.     Defendant's Expert**

Plaintiff Lytle Williams objects to the testimony of Defendant's expert, Michael Von Haenel, on the grounds that the disclosure of Mr. Von Haenel's report was untimely. The original Scheduling Order entered by Judge Burrell set the expert testimony disclosure deadline as June 22, 2015. (Doc. 9 at 3.) The trial was set for June 21, 2016. (*Id.* at 5.) After the case was reassigned to Judge Mueller, she reset only the trial deadlines and not the discovery deadlines. (Docs.

24, 28.) When the case was reassigned to the undersigned, (Doc. 27), the disclosure deadline was therefore still in effect. In any event, the disclosure was made on the day the parties' pretrial filings were due, May 25, 2016, less than one month before the trial now set for June 20, 2016. (Docs. 29 at 1–2; 31 at 4.) As noted in the current Federal Rule of Civil Procedure 16, the scheduling order requires that a date be set for the completion of discovery, and that includes expert disclosures. Rule 16 that was in play when the original discovery date was set encompassed a similar requirement. The failure here is even more acute.

Rule 26(a)(2) requires the parties to disclose the identity of each expert witness and provide a written report prepared and signed by the witness. The disclosure must be made either at the time the court orders or "at least 90 days before the date set for trial." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to identify a witness as required by Rule 26(a), the party is not allowed to use the witness at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) gives teeth to [the disclosure] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Defendant argues that Plaintiff granted an extension of the deadline, which

Plaintiff denies. Even if this were so, the Defendant did not otherwise seek leave of the Court to amend the scheduling order. Nor has Defendant provided any good cause or viable reason for the failure to disclose its expert on a date set multiple years ago by court order, and rule. *See* Rule 16(b)(4). Plaintiff has not been able to schedule the deposition of Mr. Von Haenel since the late disclosure was made. (Doc. 31 at 4.) The disclosure of Mr. Von Haenel nearly a year after the disclosure deadline and on the eve of trial is not harmless to Plaintiff. Harm exists under these circumstances even if at this late date the Plaintiff was able to depose the witness. There is no time to analyze and prepare rebuttal to the non-disclosed expert opinions. Defendant has offered no explanation that renders the late disclosure justified. Exclusion of Mr. Von Haenel from testifying is the appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a). *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

## II.   Defendant Kevin Lee Yeatts

The parties stipulated that Defendant Kevin Lee Yeatts was acting in the course and scope of his employment at the time of the motor vehicle accident on August 30, 2012. Mr. Yeatts is therefore dismissed from this action. The caption is amended as reflected above. The dismissal of Mr. Yeatts renders Plaintiff's Motion in Limine No. 3 moot. (*See* Doc. 35.)

DATED this 6th day of June, 2016.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT